# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| M. OTIS DOLPHIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV894 CEJ |
| | ) | |
| EQUIBASE COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Otis Dolphin, Jr., for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it without further proceedings.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff is attempting to bring this action under 18 U.S.C. § 1343 for alleged wire fraud. Named as defendants are Equibase Company, LLC, and Jockey Club Racing Services, Inc. Plaintiff seeks $10 billion in damages.

Plaintiff alleges that he frequently bets on horse races in Collinsville, Illinois. Plaintiff claims that defendants publish a program called the "Daily Racing Form," which records the workout an race times for thoroughbred race horses. Plaintiff alleges that the Daily Racing Form is actually written in a "top secret" "code." Plaintiff says that defendants are using this top secret code specifically against him, to cause him to place bets on slower horses.

## Discussion

The complaint suffers from several defects. First, Title 18 U.S.C. § 1343 does not provide plaintiff with a private cause of action. E.g., Napper v. Anderson, Henley, Shields, Bradford and Pritchard, 500 F.2d 634, 636 (5th Cir. 1974). As a result, the Court lacks jurisdiction over the subject matter of the complaint, and this case must be dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Second, plaintiff has not asserted any basis for filing this case in this district. The acts giving rise to the complaint occurred in Illinois, and plaintiff alleges that defendants are located in Kentucky. As a result, venue is improper in the Eastern District of Missouri, and this case is dismissible under 28 U.S.C. § 1406(a).

Finally, the allegations in the complaint are delusional and are, therefore, factually frivolous under Denton. As a result, this case is dismissible under 28 U.S.C. § 1915(e)(2)(B).

For each of these reasons, this action will be dismissed without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS HEREBY ORDERED** that all other pending motions are **denied**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

Dated this 30th day of June, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE